UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| JOHN COLLINS, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil No. 11-166-ART |
| ) | |
| v. ) | |
| ) | **MEMORANDUM** |
| MONTPELIER US INSURANCE ) | **OPINION & ORDER** |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The characters in "The Usual Suspects" spend much of the movie asking "who is Keyser Söze?" Is he a real person, or just an imaginary legend? A similarly mysterious question is whether a plaintiff can sue an insurance adjuster on a bad-faith claim under Kentucky law. The Court has considered this issue before in the context of fraudulent joinder, *see Gibson v. Am. Mining Ins. Co.*, No. 08-118-ART, 2008 WL 4602747 (E.D. Ky. Oct. 16, 2008) (Thapar, J.), and considers it again here. But until Kentucky's courts decide the question, federal courts are left to wonder. Because of this ambiguity, the Court cannot find that Plaintiffs John and Sandra Collins fraudulently joined Defendant Dan Thornbury to their complaint against Montpelier US Insurance Company. As a result, the case must be remanded to the Floyd Circuit Court.

### BACKGROUND

On February 4, 2011, a fire burned down the business of John and Sandra Collins in Lackey, Kentucky. R. 7-1 at 2. The Collinses, who were insured by Montpelier US Insurance Company, filed a claim to recoup their losses, and Montpelier hired Defendants

GAB Robins NA, Inc. and Dan Thornbury to investigate and adjust the claim. *Id.* at 2-3. After Thornbury visited the Collins property, Montpelier denied their claim. *Id.* at 3. Montpelier also filed a lawsuit in federal court, asking for a declaration that it did not owe the Collinses for their losses. *See* Pikeville Civil No. 11-141-ART. The Collinses then sued Montpelier, GAB, Thornbury, and Jo Lynn Clemons, an adjuster employed by Montpelier, in Floyd Circuit Court. *See* Pikeville Civil No. 11-166-ART, Compl., R. 1-1 ¶¶ 2-5. They also sued Citizens National Corporation, the bank that held a mortgage for their now-defunct business property. *Id.* ¶ 6. In their state court complaint, the Collinses allege that Montpelier, Thornbury, GAB, and Clemons "willfully, wrongfully, maliciously, wantonly, recklessly, and intentionally" denied their claim in violation of Kentucky's Unfair Claims Settlement Practices Act, Consumer Protection Act, and Unfair Trade Practices Act. *Id.* ¶¶ 31-33.

On October 24, 2011, Montpelier filed a notice of removal, asserting federal diversity jurisdiction. R. 1. The notice acknowledged that the Collinses, Defendant Thornbury, and Defendant Citizens National Bank are all Kentucky citizens. Montpelier contends, however, that Thornbury and Citizens's citizenship should be ignored for diversity purposes because the plaintiffs fraudulently joined them to this action. *Id.* ¶¶ 6-7. Specifically, Montpelier argues that Kentucky law does not allow the Collinses to assert bad-faith claims against an insurance adjuster like Thornbury, and that the Collinses have not asserted any claims at all against Citizens National Bank. R. 15 at 5.

## DISCUSSION

### I. Fraudulent Joinder

Defendants seeking to prove fraudulent joinder face an uphill climb. This Court has previously expressed its concern that the fraudulent joinder doctrine "makes little sense" because it "requires federal courts to exercise jurisdiction where none exists over questions of state law that state courts are better suited to address themselves." *Murriel-Don Coal Co., Inc. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011) (Thapar, J.). But in spite of this "rickety foundation," *id.* at 594, a defendant can prove fraudulent joinder in the Sixth Circuit by showing that the facts support no "reasonable basis for predicting that the state law might impose liability" on the in-state defendant. *Walker v. Philip Morris USA, Inc.*, No. 09-5319, 2011 WL 5119441, at *4 (6th Cir. Oct. 31, 2011) (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). In this inquiry, courts will resolve any disputed questions of fact or ambiguities of applicable state law in favor of the plaintiff. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Moreover, because fraudulent joinder is a jurisdictional doctrine, *see id.* at 492-93, a defendant's burden is "even more stringent than the motion to dismiss standard" under Federal Rule of Civil Procedure 12(b)(6). *Gibson*, 2008 WL 4602747, at *5.

Montpelier claims that the plaintiffs have fraudulently joined Thornbury because there is no basis for a bad-faith claim against insurance adjusters under Kentucky law. R. 15 at 5. But here is where the mystery begins. The Kentucky Supreme Court, in *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94 (Ky. 2000), held that the state's Unfair Claims Settlement Practices Act, Ky. Rev. Stat. § 304.12-230 (Unfair Claims Act), applies only to

"persons or entities engaged in the business of insurance." *Davidson*, 25 S.W.3d at 95-96. But it is not clear whether an insurance adjuster is "engaged in the business of insurance." On one hand, dicta in *Davidson* noted that Kentucky's insurance statutes were not designed to regulate "persons who are neither insured nor engaged in the business of entering into contracts of insurance." *Id.* at 98. Adjusters do not enter insurance contracts, so this language implies they cannot be sued for acting in bad faith. On the other hand, *Davidson* also held that the Unfair Claims Act applied to "only those persons or entities **(and their agents)** who are engaged . . . in the business of entering into contracts of insurance." *Id.* at 102 (emphasis added). Insurance adjusters are surely the agents of companies that do enter into insurance contracts, *see, e.g.*, *Brown v. Noland Co.*, 403 S.W.2d 33, 36 (Ky. 1966), so *Davidson* also implies that adjusters can be liable for bad-faith claims.

Since *Davidson*, Kentucky appellate courts have shed little light on the question. In *Ky. Nat. Ins. Co. v. Shaffer*, 155 S.W.3d 738 (Ky. Ct. App. 2004), the Kentucky Court of Appeals held that a bad-faith claim under the Unfair Claims Act requires a contractual obligation. *Id.* at 742. *Shaffer* did not specify, however, whether the plaintiff's contractual obligation must be with the particular defendant sued for bad faith. *See also Gibson*, 2008 WL 4602747, at *9 (distinguishing *Shaffer* from a suit against an insurance adjuster). Similarly, *W. Leasing, Inc. v. Acordia of Ky., Inc.*, No. 2008-CA-002237-MR, 2010 Ky. App. LEXIS 81, at *26 (Ky. Ct. App. May 7, 2010), held that the Unfair Claims Act does not permit bad faith claims against agents of the insured, but it suggested that "an agent of an insurance company" might be among "the scope of persons who are intended to be regulated under the [Unfair Claims Act]." Meanwhile, trial courts have reached inconsistent

4

conclusions on how to apply *Davidson* to bad-faith claims against adjusters.  *Compare, e.g.*, *Quality Signs & Serv., Inc. v. Westfield Cos.*, No. 02-CI-1396, 2004 WL 1047914, at *5 (Ky. Cir. Ct. Feb. 16, 2004) (denying summary judgment to a claims adjuster sued for bad faith under the Unfair Claims Act) *with Neace v. Safe Auto Ins. Co.*, No. 5:08-cv-143, 2008 WL 2152002, at *2 (E.D. Ky. May 21, 2008) (Hood, J.) (dismissing bad faith claim against an insurance adjuster under Rule 12(b)(6)).  More than a decade after *Davidson*, Kentucky law is still ambiguous.

Montpelier correctly points out that the plaintiffs "have not cited a single case" after *Davidson* "where a court actually allowed a plaintiff to sue an individual [insurance] adjuster for bad faith."  R. 15 at 5.  But this argument ignores the distinction between the standards for fraudulent joinder and Rule 12(b)(6).  A federal court is not permitted to find fraudulent joinder "unless it [is] clear that there can be no recovery" against the in-state defendant.  *Saltire Indus., Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522, 530 (6th Cir. 2007) (quoting *Alexander*, 13 F.3d at 949).  As a result, Montpelier must prove that the Collinses have no reasonable basis for recovering against Thornbury—a standard "more stringent" than a motion to dismiss.  *Gibson*, 2008 WL 4602747, at *5.  Although the Collinses' bad-faith claim might not survive a motion to dismiss, they at least have a reasonable basis for recovery given the ambiguity in Kentucky law.  Moreover, the Court must resolve all ambiguities in favor of the Collinses.  *See Coyne*, 183 F.3d at 493.  As a result, Montpelier and the other defendants have not satisfied their heavy burden of proving fraudulent joinder.

This Court's decision in *Gibson* further supports remanding this case. *Gibson* held that the uncertainty of Kentucky law prevented defendants from proving the plaintiffs had fraudulently joined bad-faith claims against an in-state insurance adjuster. 2008 WL 4602747, at *9. Subsequent decisions of our sister courts have reached the same conclusion. *See Mattingly v. Chartis Claims, Inc.*, No. 11-cv-48, 2011 WL 4402428 (E.D. Ky. Sept. 20, 2011) (Bertelsman, J.); *Montgomery v. L&M Trucking & Equip. Co.*, No. 6:09-cv-46 (E.D. Ky. Mar. 30, 2010) (Van Tatenhove, J.); *N. Am. Specialty Ins. Co. v. Pucek*, No. 5:09-cv-49, 2009 WL 3711261 (E.D. Ky. Nov. 4, 2009) (Hood, J.); *see also Wright v. Allstate Ins. Co.*, No. 03-cv-501 (E.D. Ky. Mar. 5, 2004) (Forester, J.) (holding that the plaintiffs had not fraudulently joined a claims adjuster because "the question of whether or not the [Unfair Claims Act] restrains and regulates the actions of individual claims adjusters is still unresolved").

Montpelier cites only one instance where a Kentucky federal court took a different view of *Davidson* and denied a motion to remand, *Ray Jones Trucking, Inc. v. Ky. Auto. Ins. Plan*, No. 3:07-cv-15, 2007 WL 1309616 (E.D. Ky. May 4, 2007) (Caldwell, J.). At first glance, *Ray Jones* appears analogous to the case at hand: the *Ray Jones* court found that the Kentucky Automobile Insurance Plan was fraudulently joined because there was "no contractual relationship between the plaintiffs and KAIP on which to base the bad faith claims." *Id.* at *1. But *Davidson*'s ambiguity, in part, stems from its conclusion that bad faith claims are viable against the agents of insurance companies, 25 S.W.3d at 102, and an adjuster hired by an insurance company is undoubtedly that company's agent. *See, e.g.*, *Brown*, 403 S.W.2d at 36. The Kentucky Automobile Insurance Plan, by contrast, is a

6

"statutorily mandated residual market mechanism," *Ray Jones*, 2007 WL 1309616, at *1, rather than an agent. Under *Davidson*, that difference makes *Ray Jones* distinguishable.

In another instance, a federal court found that a defendant successfully proved fraudulent joinder because "under *Davidson* an adjuster cannot be sued in Kentucky for bad faith," *Brown v. A.I.N., Inc.*, No. 08-30, 2008 WL 819072, at *2 (W.D. Ky. Mar. 25, 2008) (Heyburn, J). But in doing so, the Western District picked a side in this debate. Maybe the Western District picked the right side, but at the fraudulent joinder stage, federal courts cannot be in the business of reading tarot cards. Rather, we must continue to defer to the Kentucky courts on unclear state-law questions. *See, e.g.*, *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 818 (1989) ("Question[s] of state law [are] within the special expertise of the [state] courts."). Hopefully, Kentucky courts will answer this question soon. Until then, federal courts must resolve the ambiguity in favor of the plaintiffs under the fraudulent joinder doctrine.

Montpelier also claims that the Collinses fraudulently joined Citizens National Bank as a defendant. R. 1 ¶ 7. But after deciding that the presence of Defendant Thornbury destroys complete diversity, this Court does not need to consider whether Citizens is also a proper defendant. One non-diverse defendant is enough to defeat federal jurisdiction. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

## II. The Plaintiffs' Other Reasons for Remand

In addition to fraudulent joinder, the Collinses also present two other arguments for remand: first, not all of the defendants consented to removal, *see Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999); and second, Defendant

Thornbury is a citizen of Kentucky, the state in which the plaintiff filed suit, *see* 28 U.S.C. § 1441(b).  Because the Court must remand the case for lack of complete diversity between the parties, *see* Section I, *supra*, it need not address these arguments.

### III.     Attorney's Fees

As part of a remand order, a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Court has discretion to grant fees to the opposing party if "the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Although the Court is remanding this case back to state court, it cannot say that Montpelier's removal lacked an objectively reasonable basis.  Fraudulent joinder is the law of this circuit, and, as the Court has explained, Kentucky law is unclear on whether the Unfair Claims Act extends liability to insurance adjusters.  Montpelier's arguments did not carry the day, but they were at least reasonable.  Accordingly, this is not one of the rare cases where an award of attorney's fees is justified.

## CONCLUSION

Accordingly, it is **ORDERED** that the plaintiffs' motion to remand, R. 7, is **GRANTED** and the plaintiffs' motion for attorney's fees, R. 7, is **DENIED**. This matter is **REMANDED** to the Floyd Circuit Court and shall be **STRICKEN** from this Court's active docket.

This the 12th day of December, 2011.



Signed By:
*Amul R. Thapar*  AT
United States District Judge